IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:  No. C 12-05737 CW

JTS CORPORATION,  Bk. Nos. 98-59752 CN
                                        11-05191 CN
    Debtor.
                                    ORDER AFFIRMING DECISION
                                    OF BANKRUPTCY COURT
_____/

MOHAMED POONJA, Trustee,

    Plaintiff,

  v.

D.P.M.S., d.b.a. DANCO MACHINE.

    Defendant.

_____/

    Creditor D.P.M.S., Inc. d.b.a. Danco Machine (Danco) appeals the Bankruptcy Court's October 18, 2012 order on Trustee Mohamed Poonja's objection to Danco's claim. The Trustee has filed a responding brief and Danco has filed a reply. Having considered the papers filed by the parties, the Court AFFIRMS the Bankruptcy Court's October 18, 2012 order.

JURISDICTION AND STANDARD OF REVIEW

    The district court has jurisdiction over these appeals under 28 U.S.C. § 158(a). The bankruptcy court's conclusions of law are reviewed de novo and its findings of fact under the clearly erroneous standard. Fed. R. Bankr. 8013; In re Wegner, 839 F.2d 533, 536 (9th Cir. 1988).

BACKGROUND

Debtor JTS Corporation was a company that manufactured computer compenents. On November 17, 1998 an involuntary Chapter 7 Petition was filed by several of Debtor's creditors. On December 4, 1998, Debtor filed a voluntary Chapter 11 Petition and, in February 1999, the cases were consolidated.

On March 1, 1999, Danco filed a proof of claim in the amount of $159,731.37. The proof of claim indicated that the claim was secured by "all property of debtor." Appellant's Designation of Record (DOR) at Doc. 3.[1] The proof of claim attached a pre-judgment writ of attachment in the amount of $373,981.05, issued on November 25, 1997, an attachment lien notice filed with the

---

[1] The Court notes that Appellant submitted a two-part DOR comprised of approximately 1,000 pages of paper. However, Appellant did not include numbered tabs between the more than fifty exhibits to enable the Court easily to find the documents cited. Moreover, Appellant's opening brief only cites to five of the more than fifty documents included in the DOR. See Fed. R. App. P. 28(a)(9)(A) (requiring an opening brief to contain the "appellant's contentions and the reasons for them with citations to the authorities and parts of the record which the appellant relies"). Appellant's reply brief does not contain a single factual or legal citation. The Court has not and will not comb through the portions of the DOR not properly cited in Appellant's papers. It is not the role of the Court to make parties' arguments for them. Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003).
To the minimal extent Appellant cites documents in the DOR, the citations are incorrect and/or lack the specificity necessary to assist the Court. For example, at page 5 of its brief, Appellant cites Document 4-3 at pages 14-134. However, Document 4-3 is only twelve pages long. Moreover, a citation to 120 pages of a document is not helpful to the Court. Similarly, at page 7 of its brief, Appellant cites Document 4-10 at pages 38-53 for the proposition that, on May 22, 2012, the Bankruptcy Court granted the trustee summary judgment in the adversary proceeding. However, the cited pages of the tenth document in the DOR are irrelevant documents filed in the Santa Clara Superior Court in 1998.

2

California Secretary of State on April 2, 1998, and a final judgment in Danco's favor against Debtor in the amount of $416,345.02 from the Santa Clara County Superior Court. Also attached to the Proof of Claim was a notice of judgment lien for the amount of the final judgment filed with the California Secretary of State on July 17, 1998 and a return from the Santa Clara County Sheriff, showing payment in the amount of $265,734.27 from Debtor to Danco on a writ of execution issued by the Santa Clara County Superior Court. The remaining balance of the judgment plus interest on that amount totaled $159,731.37.

On June 23, 2011, the Trustee filed the above-captioned adversary proceeding to disallow Danco's secured claim, to avoid and preserve liens, and for declaratory relief. Danco filed an answer and cross-complaint. On January 13, 2012, the Trustee filed a motion for summary judgment, arguing that Danco did not have a secured claim under 11 U.S.C. § 506(a) because Danco failed to file a continuation statement of its lien as required by state law and, even if it maintained a lien interest, such lien was junior to another $3.4 million lien referred to as the Amber Lien because Danco's lien was filed two months later than the Amber Lien. Appellee's Excerpt of Record (AE) 293-96.[2] Accordingly, because the fully liquidated bankruptcy estate held only $2,664,326 in cash, the Trustee argued that Danco's lien was void under 11 U.S.C. § 506, which provides, "To the extent that a lien

---

[2] The Trustee has filed an unopposed administrative motion to correct its Excerpt of Record to include transcripts that had not been prepared at the time it submitted its Excerpt of Record. The Court GRANTS the Trustee's motion.

3

secures a claim against the debtor that is not an allowed secured claim, such lien is void."

On May 22, 2012, the Bankruptcy Court granted the Trustee's motion for summary judgment. In its order, the Bankruptcy Court found that Debtor's equipment and accounts receivable, valued at $111,254.67, were the only collateral for either Danco's lien or the Amber Lien. The remaining cash in Debtor's estate comprised the proceeds of a tort settlement, which the Bankruptcy Court found was not collateral for either the Amber Lien or Danco's lien. It further found that Danco's lien was junior to the Amber Lien, which was for an amount greater than the value of Debtor's equipment and accounts receivable.

Also relevant to the issue currently on appeal, the Bankruptcy Court rejected Danco's assertion that it held a lien arising from an Order for Examination (an OEX lien) for which the settlement proceeds were collateral. The Bankruptcy Court noted that Danco first referred to an OEX lien in its answer and cross-complaint in the adversary proceeding. Otherwise, despite filing six different responsive pleadings to the motion for summary judgment, the only time Danco mentioned the OEX lien was in a declaration by counsel, stating that Danco served Debtor with an order to appear for examination. Danco did not produce any evidence of the OEX lien or inform the Bankruptcy Court when the OEX lien was created. Accordingly, the Bankruptcy Court found that Danco failed to raise a reasonable question of fact that Danco created an OEX lien.

Based on these findings, the Bankruptcy Court granted the Trustee's motion for summary judgment and found that Danco's

4

claims arising out of its lien were unsecured. On June 25, 2012, the Trustee filed a motion for entry of judgment, arguing that final judgment was appropriate, even though it had not moved for summary judgment on Danco's cross-complaint, because the claims in the cross-complaint were the mirror opposite of the Trustee's claims. Accordingly, the Trustee argued, the Bankruptcy Court's order on the motion for summary judgment disposed of each of the claims in the cross-complaint. Danco opposed the motion for entry of judgment and cross-moved for reconsideration of the Bankruptcy Court's order on the motion for summary judgment. The Bankruptcy Court granted the Trustee's motion for entry of judgment and denied Danco's cross-motion for reconsideration.

On August 1, 2012, the Bankruptcy Court entered judgment in the adversary proceeding in favor of the Trustee against Danco. Danco filed an untimely notice of appeal on August 30, 2012 and, on September 5, 2012, it filed a motion for an extension of the deadline for its notice of appeal. The Bankruptcy Court denied Danco's motion for an extension of the deadline and Danco did not pursue the appeal.

While the adversary proceeding was pending, on July 20, 2012, the Trustee filed an objection to the purportedly secured claim Danco had filed in the bankruptcy case. Danco filed an opposition to the Trustee's motion and, on August 7, 2012, the date of the hearing on the motion and six days after judgment entered in the adversary proceeding, Danco filed an amended proof of claim for the same amount, attaching evidence of the OEX lien it had not produced in the adversary proceeding. On October 18, 2012, the Bankruptcy Court denied the Trustee's motion to disallow the claim

5

in full, finding that the earlier resolution of the adversary proceeding precluded the Trustee's motion because he could have included a claim to disallow the Danco claim in full in the adversary proceeding. Instead, the Bankruptcy Court found that Danco held only an unsecured $159,731.37 general lien. It noted that "the summary judgment and Final Order [in the adversary proceeding] adjudicated all matters regarding the Danco Claim." AE 67. Further, it found that Danco could not "seek to re-litigate its claim by filing an amended proof of claim" and struck the amended proof of claim. Id. The Bankruptcy Court instructed Danco "to submit an order that deems the Danco Claim allowed as an unsecured claim in the amount of $159,731.37." Id.

Danco now appeals, arguing that the Bankruptcy Court erred in numerous ways when it disallowed the amended proof of claim.

DISCUSSION

I. Sua sponte decision to strike amended proof of claim

Danco first argues that the Bankruptcy Court erred procedurally when it sua sponte struck Danco's amended proof of claim. Danco argues generally that "venturing into . . . new areas that were not the subject of a pending motion and had not been briefed is a deprivation of fundamental Due Process." Appellant's Opening Brief at 8. Danco also argues that the Bankruptcy Court erred by disallowing the amended proof of claim without a hearing or trial. Appellant's Opening Brief at 15. However, Danco does not provide any legal citations to support its due process argument or its purported right to a hearing or trial. Moreover, Danco had an opportunity to raise in the adversary proceeding the arguments it attempted to support with its amended

6

proof of claim. At that time, it failed to present competent evidence to support those arguments and, after the Bankruptcy Court granted the Trustee's motion for summary judgment, Danco failed timely to appeal. There was no due process violation or other error related to the failure to hold a separate hearing or trial on Danco's amended proof of claim.

II. Substantive decision to strike the amended proof of claim

Danco next argues that the Bankruptcy Court erred substantively when it struck the amended proof of claim. It cites a treatise for the proposition that a creditor generally will be allowed to amend its claim. However, Danco provides no citation to a case in which the Bankruptcy Court has already ruled that the creditor has only an unsecured claim at the time the amended proof of claim has been filed. Danco further argues, "When the Amended Proof of Claim is considered and analyzed, it shows the errors in the Bankruptcy Court's analysis and conclusions." Opening Brief at 9. However, Danco does not provide any citations to the amended proof of claim or the Bankruptcy Court's prior decisions to support this general argument, and the Court finds it unavailing.

III. Failure to treat the initial hearing as a status conference

Danco next cites Local Bankruptcy Rule 3007-1 in support of its argument that the Bankruptcy Court erred by not treating the initial hearing on the Trustee's motion to disallow the claim as a status conference. However, as the Trustee points out, Rule 3007-1 provides that the initial hearing on an objection to a claim will be "deemed a status conference" only "[w]here a factual dispute is involved." Where, as here, "the objection involves

7

only a matter of law, the matter may be argued at the initial hearing." Local Bankruptcy Rule 3007-1. Accordingly, the Bankruptcy Court did not err by hearing the Trustee's motion to disallow the claim on the noticed date.

IV. Finding that the amended proof of claim was precluded by the judgment in the adversary proceeding

Danco next argues that the Bankruptcy Court erred when it found that the judgment in the adversary proceeding barred its amended proof of claim under the doctrine of res judicata. Res judicata, or claim preclusion, prohibits the re-litigation of any claims that were raised or could have been raised in a prior action. Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003). As discussed above, in the adversary proceeding, the Bankruptcy Court found that Danco held only an unsecured claim. Accordingly, the Bankruptcy Court found that Danco could not subsequently assert a secured claim supported by information it could have, but did not, produce in the adversary proceeding.

Danco now argues that the adversary proceeding was limited in scope and it did not previously litigate any of the new bases for its claim presented in the amended proof of claim. However, each of those bases were or could have been raised in the adversary proceeding. Danco asserts that--because the Federal Rules of Bankruptcy Procedure do not require creditors who are sued by a trustee to state as a counterclaim any claims that they have against the debtor--the "could have been raised" rule does not apply in bankruptcy proceedings. However, the rule and cases Danco cites only stand for the proposition that a creditor is

8

neither required to file nor prohibited from filing a counterclaim in an adversary proceeding. Moreover, Danco does not provide any authority for its position that res judicata operates differently in bankruptcy proceedings than in other cases.

The Bankruptcy Court did not err when it found that Danco's amended proof of claim was barred under the doctrine of res judicata.

V. Procedural and substantive decisions in the adversary proceeding

Danco asserts that the Bankruptcy Court committed several procedural and substantive errors in its handling of the adversary proceeding. However, Danco failed to file a timely notice of appeal of the judgment in that case. Accordingly, this Court lacks jurisdiction to revisit those decisions. See Bankruptcy Rule 8002; In re Souza, 795 F.2d 855, 858 (9th Cir. 1986).

CONCLUSION

Danco has not demonstrated that the Bankruptcy Court erred in any way. The Bankruptcy Court's order in which it denied the Trustee's motion to disallow Danco's claim in full but authorized only a $159,731.37 general unsecured claim is AFFIRMED. The Trustee's unopposed administrative motion to correct its excerpt of record is GRANTED. (Docket No. 19)

IT IS SO ORDERED.

Dated: 9/25/2013

CLAUDIA WILKEN
United States District Judge

9